UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL PETERSON, and DIPE, LLC,

        Plaintiffs,

v.

TIFFIN MOTOR HOMES, INC.,

        Defendant.

17-CV-1186
DECISION AND ORDER

On November 20, 2017, Plaintiffs commenced this action under the Magnuson-Moss Warranty Act and New York General Business Law. Docket Item 1. On February 19, 2019, this Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 26. On March 21, 2018, Defendant moved to dismiss for lack of personal jurisdiction and improper venue or, alternatively, to transfer venue, Docket Item 10; on June 13, 2018, Plaintiffs responded, Docket Item 18; and on June 27, 2018, Defendant replied, Docket Item 19. With leave of court, Plaintiffs filed an additional reply on July 6, 2018, Docket Item 23, and Defendant filed its additional reply on July 23, 2018.

On November 26, 2019, Judge Foschio issued a Report and Recommendation ("R&R"):

> Based on the following, Defendant's Motion should be DENIED insofar as Defendant seeks to dismiss the action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and is GRANTED as to the request under 28 U.S.C. §

> 1404(a) to transfer venue to the Northern District of Alabama, Northwestern Division, as provided for by the forum selection clause, or alternatively, should be DENIED insofar as Defendant seeks dismiss[al] under Fed. R. Civ. P. 12(b)(3) for improper venue with the matter transferred, in the court's discretion, pursuant to 28 U.S.C. § 1406(a) to the Northern District of Alabama, Northwestern Division.
>
> SO ORDERED, with regard to Defendant's request to transfer venue.

Docket Item 28, at 36-37.

On December 10, 2019, Defendant objected to the following portions of the R&R: that Defendant is subject to long-arm jurisdiction in the State of New York pursuant to N.Y. Civ. Prac. L. & R. § 302(a)(1), that the Plaintiff's Complaint should not be dismissed pursuant to Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure, and that costs should not be awarded to Defendant as result of Plaintiff's improperly commencing this matter in New York instead of Alabama as they agreed to in the Limited Warranty. Docket Item 29, at 2. On December 30, 2019, Plaintiffs responded to the objections. Docket Item 31. Plaintiff did not file any objections. Neither party objected to Judge Foschio transferring the case to the United States District Court of Northern Alabama pursuant to 28 U.S.C. § 1404. Docket Item 29, at 2.

First, this Court notes the standards of review applicable to the present motion. Pursuant to the referral order of February 19, 2019, Docket Item 26, Judge Foschio was authorized to issue decisions on non-dispositive motions and applications, as well as hearing and reporting upon dispositive motions pursuant to 28 U.S.C. § 646(b)(1)(B) and (C). *Id.*

Regarding the referral of dispositive matters, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As for non-dispositive matters, the district judge in the case must consider timely objections to a magistrate judge's order and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). A motion for transfer of venue is non-dispositive. *See, e.g., In re Radioshack Corp., et al. v. General Wireless Operations, Inc.*, 16-CV-730-LJV-MJR, 2016 WL 6405576, at 1* n.1 (W.D.N.Y. Oct. 31, 2016) ("The majority view in the Second Circuit is that a magistrate judge has the authority to 'grant the nondispositive relief sought in a motion to transfer venue.' ") (collecting cases).

This Court has carefully reviewed the thorough R&R, the record in this case, the objections and response, and the materials submitted by the parties. Judge Foschio, in his discretion, transferred this case to the Northern District of Alabama under 28 U.S.C. § 1404(a), and none of the parties objected. Docket Item 28, 29 at 2. However, this Court finds that even if there were objections, Judge Foschio's order transferring the case to the Northern District of Alabama under Section 1404(a) is not clearly erroneous or contrary to law. Fed. Civ. P. 72(a). Given that this case has been ordered transferred, it is not necessary to decide the alternative motion to dismiss on the bases of lack of personal jurisdiction and improper venue.

3

For the reasons stated above and in the Report and Recommendation, this Court concludes that Judge Foschio's order granting the transfer under 28 U.S.C. § 1404(a) is not clearly erroneous.

The Clerk of the Court is instructed to transfer this matter to the United States District Court for the District of Northern Alabama and to close the case in the Western District of New York.

SO ORDERED.

Dated:      March 4, 2020
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE